```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**GREENWICH INSURANCE COMPANY,**
**et al.,**

    **Plaintiffs,**

**v.**                                     **CIVIL ACTION NO. 2:09-0351**

**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURGH, PA,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

Elite Coal Services, LLC ("Elite") filed a motion to intervene in the above-styled lawsuit on May 18, 2010. (Doc. # 29). Attached to the motion was a proposed answer and counterclaim against Greenwich Insurance Company ("Greenwich") and Great American E&S Insurance Company ("Great American"). For the reasons enumerated below, Elite's motion to intervene is **DENIED** and the answer and counterclaim are accordingly **DISMISSED**.

### I. Factual Background

On July 13, 2007, a coal truck owned by Green Valley Coal Company ("Green Valley"), National Union's insured, struck an automobile operated by Olen Wayne Blankenship. See Motion to Intervene of Elite Coal Services, LLC, p. 1. As a consequence of the accident, Mr. Blankenship died. Id. At the time of the accident, an Elite employee named Elton Workman ("Workman") was driving the Green Valley coal truck pursuant to an independent contractor agreement between Green Valley and Elite. Id. at 1-2.

1

In August 2008, the family of Mr. Blankenship commenced a lawsuit in West Virginia state court against Green Valley, Elite and Workman, seeking damages for Mr. Blankenship's death.[1]  Id. at 1.  Greenwich provided a defense for Green Valley, Elite and Workman and eventually settled the lawsuit.  Id. at 3.  Greenwich and Great American then filed a declaratory judgment action with this court seeking to determine which insurance company must ultimately bear the cost of the defense and settlement of the underlying lawsuit.

Elite's principal argument for seeking intervention is that a judgment by this court against National Union could trigger a lawsuit from Green Valley (National Union's insured) seeking indemnity from Elite under a 2002 independent contractor agreement.  Id. at 2-4.

## II. Analysis

Rule 24(a)(2) of the Federal Rules of Civil Procedure requires the court to allow intervention when, upon timely application,

> . . .the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by the existing parties.

Gould et al. v. Alleco Inc. et al., 883 F.2d 281, 284 (4th Cir.

---

[1] See Paula Blankenship v. Green Valley Coal Company et al. (Civil Action No. 08-C-152), commenced in the Circuit Court of Nicholas County, West Virginia.

1989). The Fourth Circuit Court of Appeals has noted that "in addition to timeliness, intervention of right is dependent on the moving party's fulfillment of three requirements: interest, impairment of interest and inadequate representation." Id.

When deciding whether a motion is timely, a court typically considers "how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for tardiness in moving to intervene." Id. at 286. The district court has discretion to permit or deny intervention based on timeliness and the district court's ruling will only be disturbed if there is evidence of an abuse of discretion. Id.

The court finds that Elite's motion is untimely based on the three above-enumerated factors. First, the lawsuit has been ready for disposition on summary judgment as of mid-March 2010, by which time the parties had completed briefing on the summary judgment cross-motions. Elite filed its motion to intervene almost four months after this date. Second, the court finds that allowing Elite to intervene at this point would severely prejudice the parties, as it would inevitably delay the resolution of their declaratory judgment action, in which no further proceedings are pending. Third, Elite has given no reason for its delay in filing this motion. This is of special concern to the court since Elite's lawyers appear to have been informed of this lawsuit's filing on the very same day the case was filed on April 9, 2009. See Exhibit A to Plaintiff Greenwich and Great American's Opposition to Elite Coal Services, LLC's

Motion to Intervene, p. 1.

With respect to the other considerations relevant to a ruling on a motion to intervene (interest, impairment of interest and inadequate representation), the court finds that here too Elite has failed to persuade the court that intervention is necessary. There appears to be more than adequate representation of Elite's interest presently in the litigation. The parties to the declaratory judgment action have tendered all evidence related to the independent contractor agreement, as well as the policies at issue. The court finds that there is already sufficient evidence on the record for it to make an accurate determination of coverage liability without Elite's intervention.

Accordingly, Elite's Motion to Intervene is **DENIED**. The Clerk of Court is directed to forward a copy of this Order to counsel of record.

**IT IS SO ORDERED** this 30th day of September, 2010.

                                      Enter:

                                      David A. Faber
                                      Senior United States District Judge